UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES C. GIEBINK, JAMES E.F. GIEBINK, and ARIANNA GIEBINK, | ) ) ) ) | CIV. 08-4184 |
| Plaintiffs, | ) ) ) | ORDER DENYING DEFENDANT'S MOTION TO STAY |
| vs. | ) ) | |
| JOAN C. GIEBINK, GIEBINK, LLC, and GIEBINK CHILDREN, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**INTRODUCTION**

This case is before the court on plaintiffs' complaint asserting diversity of citizenship between the parties and an amount in controversy in excess of $75,000 as the basis for this court's jurisdiction. Defendant Joan C. Giebink filed a motion seeking to stay these proceedings.[1] Plaintiffs oppose this motion. The district court, the Honorable Karen E. Schreier, Chief Judge, referred this motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1(A). See Docket 26.

---

[1]At the time the motion was filed, Joan Giebink was the sole defendant in this action. Since that time, Giebink, LLC, and Giebink Children, LLC have been added as defendants. However, neither of the LLCs have made their appearance as of the writing of this opinion and, thus, have not indicated whether they join in Joan's motion. Thus, the court refers to the motion as Joan's alone.

**FACTS**

The facts pertinent to the pending motion are as follows. Plaintiffs James C. Giebink, James E.F. Giebink, and Arianna Giebink filed a complaint with this court on November 19, 2008, against Joan Giebink. Joan Biebink is the trustee for five trusts established for Mary E. Giebink, Robert R. Giebink, and the children and grandchildren of Robert R. Giebink (hereinafter collectively "the trusts"). Plaintiffs are beneficiaries under some of those trusts.

Although the plaintiffs rely on diversity of citizenship as the basis for the court's subject matter jurisdiction, the complaint never states where the plaintiffs reside. The complaint does allege that defendant Joan Giebink is a citizen of the state of South Dakota.

Robert R. Giebink died on January 27, 2008. Plaintiffs allege in their complaint that Joan Giebink has refused plaintiffs' requests for documentation of the governing instruments of the trusts, an accounting, and financial information regarding the trust assets and transactions that have occurred in the trusts since their creation. Based upon this refusal of Joan Giebink to provide the requested information, plaintiffs assert a claim of breach of fiduciary duty as well as breach of statutory duties imposed by South Dakota state law. Plaintiffs seek injunctive relief, compensatory damages, interest, and costs.

In her answer to the complaint, Joan Giebink admits that she is the trustee of the trusts identified in plaintiffs' complaint and that plaintiffs are beneficiaries under some of those trusts. Joan tacitly admits that she has refused to give the plaintiffs the information they have requested because she alleges that she has offered to give the information to plaintiffs subject to a confidentiality agreement, and that plaintiffs have refused to enter into such an agreement. Joan states that she has legitimate concerns as trustee over dissemination of the information requested by plaintiffs. Joan denies that she has breached her fiduciary duty or any statutory duty to plaintiffs. She asserts the affirmative defense of failure to state a claim upon which relief can be granted and also attacks the basis for plaintiffs' assertion of subject matter jurisdiction, asserting that the amount in controversy requirement is not met in this case. Joan does not attack the diversity of citizenship among the parties.

Plaintiffs recently amended their complaint to add two separate limited liability companies (hereinafter "LLCs") as parties. Plaintiffs allege that Joan Geibink made transfers of real estate from the trusts to the LLCs without any consideration being given to the trusts for the transfers. Plaintiffs allege that the value of the two transfers exceeds $1 million. Plaintiffs' amended complaint seeks disgorgement of the real estate transfers from the LLCs back to the trusts.

Joan now seeks an order staying these proceedings. She asserts that she intends to prepare an accounting for the trusts and to initiate an action in circuit court for the state of South Dakota to obtain approval of those accountings. Once that is done, Joan states that the accountings will be provided to plaintiffs and all other beneficiaries under the trusts. Thus, Joan argues, if this court stays these proceedings in favor of the as-yet-unfiled state court proceedings, the stay will preserve judicial resources by ensuring that the issue of the accounting need only be determined by one court, not two. Plaintiffs oppose the stay because, as Joan admits, no state action has even been initiated as of yet and any proposed resolution of a state court proceeding is likewise indefinite and insecure.

## DISCUSSION

"[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Will v. Calvert Fire Ins. Co., 437 U.S. 655, 662 (1978).[2] However, federal courts have "the power to stay proceedings . . . incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 255 (1936). It is not necessary that the parties,

---

[2]The court notes that neither party asserts that either the state court or this court has exclusive jurisdiction over this matter or that either court lacks jurisdiction.

4

and the issues in the two proceedings be identical in order for one court to stay its action in favor of another court's case.  Id.  Instead, the court which is requested to stay an action must exercise its discretion and weigh the competing interests.  Id. at 255-256.  The party moving for a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."  Id. at 256.

Joan cites the case of Rosenbauer America, LLC v. Advantech Service & Parts, LLC, 437 F. Supp. 2d 1081 (D.S.D. 2006), in support of her motion for a stay.  At issue in the Rosenbauer decision was enforcement of contractual obligations between the parties.  Id. at 1082-1083.  Disputes arose out of a loan agreement, which disputes resulted in a settlement agreement reached in March 2006.  Id.  When communications between the parties broke down following the settlement, Advantech filed suit against Rosenbauer on April 14, 2006, in Ohio state court seeking specific performance of the settlement agreement.  Id.  Four days after the lawsuit was initiated in Ohio state court, Rosenbauer brought suit against Advantech in District Court for the District of South Dakota alleging breach of the original loan contract.  Id. at 1083.  The district court took notice of the Ohio state court's scheduling order and granted a stay until after the trial in the Ohio case was set to take place.  Id. at 1084.

Just as there were two court cases pending when the Rosenbauer court was asked to issue a stay, likewise, in the Landis and Will cases, there were two court cases already pending when one court was asked to stay the action. Will, 437 U.S. at 658-659; Landis, 299 U.S. at 254-255. In Contracting Northwest, Inc. v. City of Fredericksburg, 713 F.2d 382, 386-387 (8th Cir. 1983), also cited by Joan, the court stayed a case in favor of binding arbitration required by the parties' contract.

Here, Joan readily admits that no action is currently pending in South Dakota state court involving the issues or parties presented to this court. Additionally, the court notes that it is Joan's burden to make out a clear case of hardship or inequity in being made to pursue both cases in both venues. Landis, 299 U.S. at 256. There is no action pending in state court, so Joan cannot make out a case of hardship in being made to pursue both proceedings. Because Joan has not carried her burden in seeking an order staying these proceedings, the court will deny such relief at this time. If an action is begun in state court at some point in the future, Joan is free to refile her motion for a stay and make her case for a stay at that time.

## CONCLUSION

It is hereby

ORDERED that Joan Giebink's motion for stay [docket 18] is denied without prejudice.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(a). Failure to file timely objections will result in the waiver of the right to appeal matters not raised in the objections. Id. Objections must be timely and specific in order to require review by the district court.

Dated March 31, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE