UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES C. GIEBINK, JAMES E.F. GIEBINK, and ARIANNA GIEBINK, | ) ) ) ) | CIV. 08-4184 |
| Plaintiffs, | ) ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |
| vs. | ) ) | |
| JOAN C. GIEBINK, GIEBINK, LLC, and GIEBINK CHILDREN, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

This case is before the court on plaintiffs' complaint asserting diversity of citizenship between the parties and an amount in controversy in excess of $75,000 as the basis for this court's jurisdiction. Plaintiffs have filed a motion seeking an order compelling defendant Joan Giebink to produce certain documents.[1] Joan opposes this motion. The district court, the Honorable Karen E. Schreier, Chief Judge, referred this motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1(A). See Docket 26.

---

[1] At the time the motion was filed, Joan Giebink was the sole defendant in this action. Since that time, Giebink, LLC, and Giebink Children, LLC, have been added as defendants.

## FACTS

The facts pertinent to the pending motion are as follows. Plaintiffs James C. Giebink, James E.F. Giebink, and Arianna Giebink filed a complaint with this court on November 19, 2008, against Joan Giebink. Joan Giebink is the trustee for five trusts established for Mary E. Giebink, Robert R. Giebink, and the children and grandchildren of Robert R. Giebink (hereinafter collectively "the trusts"). Plaintiffs are beneficiaries under some of those trusts.

Robert R. Giebink died on January 27, 2008. Plaintiffs allege in their complaint that Joan Giebink has refused plaintiffs' requests for documentation of the governing instruments of the trusts, an accounting, and financial information regarding the trust assets and transactions that have occurred in the trusts since their creation. Based upon this refusal of Joan Giebink to provide the requested information, plaintiffs assert a claim of breach of fiduciary duty as well as breach of statutory duties imposed by South Dakota state law. Plaintiffs seek injunctive relief, compensatory damages, interest, and costs.

In her answer to the complaint, Joan Giebink admits that she is the trustee of the trusts identified in plaintiffs' complaint and that plaintiffs are beneficiaries under some of those trusts. Joan tacitly admits that she has refused to give the plaintiffs the information they have requested because she alleges that she has offered to give the information to plaintiffs subject to a

confidentiality agreement, and that plaintiffs have refused to enter into such an agreement.  Joan states that she has legitimate concerns as trustee over dissemination of the information requested by plaintiffs.  Joan denies that she has breached her fiduciary duty or any statutory duty to plaintiffs.  She asserts the affirmative defense of failure to state a claim upon which relief can be granted and also attacks the basis for plaintiffs' assertion of subject matter jurisdiction.

Plaintiffs recently amended their complaint to add two separate limited liability companies (hereinafter "LLCs") as parties.  Plaintiffs allege that Joan Geibink made transfers of real estate from the trusts to the LLCs without any consideration being given to the trusts for the transfers.  Plaintiffs allege that the value of the two transfers exceeds $1 million.  Plaintiffs' amended complaint seeks disgorgement of the real estate transfers from the LLCs back to the trusts.

On February 3, 2009, plaintiffs served upon defendant Joan Giebink[2] two requests for the production of documents: (1) seeking a copy of all trust instruments and (2) seeking general financial information regarding the assets of the trust, including, but not limited to, bank records for each trust, miscellaneous contracts, promissory notes which relate to the assets of the

---

[2]Joan was the sole defendant as of February 3, 2009.

trusts, real estate records, deeds and abstracts regarding real property held by the trusts, and copies of all trust income tax records.

Joan provided documents responsive to the first category of documents, the trust instruments. However, she objected to providing any documents in the second category stating that plaintiffs have not shown a statutory or common law right to obtain the documents and that the documents are confidential. After unsuccessful attempts to resolve this discovery dispute informally, plaintiffs filed the instant motion to compel.

## DISCUSSION

**A.      Scope of Discovery Under Rule 26**

Federal Rule of Civil Procedure 26(b)(1) sets forth the standard governing the scope of discovery in civil cases:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

See Fed. R. Civ. P. 26(b)(1).

The advisory committee's note to the 2000 amendments to Rule 26(b)(1) provide guidance on how courts should define the scope of discovery in a particular case:

> Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible.
>
> The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action. The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision. A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard. . . . In each case, the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action.
>
> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. ... When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.

See Fed. R. Civ. P. 26(b)(1) advisory committee's note.

The same advisory committee's note further clarifies that information is discoverable only if it is relevant to the claims or defenses of the case or, upon a showing of good cause, to the subject matter of the case. Id.; see also Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 635 (D.Minn. 2000) ("[T]he threshold requirement of discoverability is whether the information sought is 'relevant to the subject matter involved in the pending action.' ") (quoting Shelton v. American Motors Corp., 805 F.2d 1323, 1326 (8th Cir. 1986)). "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy ... encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " E.E.O.C. v. Woodmen of the World Life Ins. Society, 2007 WL 1217919 at *1 (D.Neb. March 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). The party seeking discovery must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993)). "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." Id. (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972)).

Limiting discovery to relevant information is a necessary restriction on otherwise liberal discovery rules:

> While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Hofer, 981 F.2d at 380 (internal citations omitted).

Discoverable information itself need not be admissible at trial; rather, "discovery of such material is permitted if reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1) advisory committee's note. Additionally, Rule 26(b)(2) requires the court to limit discovery if it determines, for example, that the discovery sought is unreasonably cumulative or duplicative or that "the burden or expense of the proposed discovery outweighs its likely benefit..." See Fed. R. Civ. P. 26(b)(2)(C); see also Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."); Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D.Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule

requires the entity answering or producing the documents to bear that burden.").

"Typically, the burden is on the party resisting discovery to explain why discovery should be limited given that the Federal Rules allow for broad discovery." Hohn v. BSNF Ry. Co., 2007 WL 2572440 at *3 (D.Neb. May 10, 2007). "The party opposing discovery has the burden to show that its objections are valid by providing explanation or factual support. Id.; see also Rubin v. Islamic Republic of Iran, 349 F.Supp.2d 1108, 1111 (N.D.Ill. 2004) ("[T]he burden is upon the objecting party to show why a discovery request is improper."). Here, the initial burden is on the plaintiffs to show how the information sought through their requests for production is relevant to the subject matter of their case. The burden then shifts to Joan to show that the information sought through the discovery request is not discoverable.

On the question of the initial relevance of the documents, plaintiffs have clearly met their burden of showing that the discovery request is relevant. Plaintiffs have alleged claims of breach of fiduciary duty and breach of statutory duty. Joan argues that plaintiffs have not shown that the trustee has a statutory duty to provide the type of information requested in the second discovery request. South Dakota Codified Law § 55-2-13, a provision of the Uniform Probate Code, provides that a beneficiary of an irrevocable trust may request information related to the administration of the trust. However, Joan

8

points out that § 55-2-13 does not apply to trusts created prior to 2002. Therefore, Joan argues that plaintiffs have no statutory right to the information requested.

Joan's argument ignores the fact that at least one of the trusts was amended after 2002 (in 2006), and so is arguably subject to the provisions of § 55-2-13. Furthermore, Joan entirely ignores plaintiffs' breach of fiduciary duty claim, which is based on common law, not the Uniform Probate Code.

"A fiduciary relationship is founded on a 'peculiar confidence' and trust placed by one individual in the integrity and faithfulness of another. When such relationship exists, the fiduciary has a 'duty to act primarily for the benefit' of the other. 'Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary.'" Ward v. Lange, 553 N.W.2d 246, 250, 1996 S.D. 113, ¶ 12. Whether a fiduciary relationship exists and the scope of that duty are questions of law for the court, while questions as to whether a fiduciary duty has been breached is a question of fact for the jury. Id. Joan does not dispute that she stands in a fiduciary relationship to the beneficiaries of the trust, among whom are the plaintiffs.

In the Ward case, the South Dakota Supreme Court held that two nephews, who stood in a fiduciary relationship to their uncle, who held a life estate in real property managed by the nephews, had a duty to disclose to the

9

uncle facts regarding his income, resources and funds.  Id.  The court affirmed a jury's verdict finding breach of the fiduciary duty where the nephews failed to make an accounting to the uncle for increased revenues.  Id. at 251, 1996 S.D. 113, ¶ 15.

"One who stands in a confidential or fiduciary relation to the other party to a transaction must disclose material facts."  O'Toole v. Board of Trustees of South Dakota Retirement System, 648 N.W.2d 342, 348, 2002 S.D. ¶28 (quoting Buxcel v. First Fedelity Bank, 601 N.W.2d 593, 596-597, 1999 S.D. 126, ¶ 14).  Here, the crux of plaintiffs' claim of breach of fiduciary duty against Joan has to do with Joan's management of the assets of the trust.  Documents relative to those assets are clearly relevant to plaintiffs' claims.  It is doubtful that plaintiffs could prove their breach of fiduciary duty claim without the documents.  While the plaintiffs are on less solid ground in asserting a statutory right to the documents, nevertheless the court is cognizant of the fact that no motion for summary judgment is pending before the court.  Rather, it is a discovery motion, and the merits of plaintiffs claims will be decided another day.  For today, it is enough that those claims appear colorable and that the discovery request is relevant to at least one of those claims.

**B.**     **Standard Governing Requests for Protective Orders**

Federal Rule of Civil Procedure 26(c) governs the granting of a protective

order by the court, as follows:

**(c) Protective Orders.**

**(1) In General.** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending–or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

> **(2) Ordering Discovery.** If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.
>
> **(3) Awarding Expenses.** Rule 37(a)(5) applies to the award of expenses.

See Fed R. Civ. P. 26(c).

The trial court has significant discretion in either granting or denying a protective order, and "only an abuse of that discretion would be cause for reversal." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party. Id. The movant must articulate "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. (additional citation and quotation marks omitted); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (additional citations and quotation marks omitted). The court must also consider "the relative hardship to the non-moving party should the protective order be granted." General Dynamics Corp., 481 F.2d at 1212 (additional citation omitted).

In Pansy, The Third Circuit set forth a thoughtful analysis of the good-cause standard that this court finds instructive. Although Pansy dealt specifically with the issue of whether the trial court abused its discretion in first granting and then subsequently refusing to modify a confidentiality order over a settlement agreement, confidentiality orders over matters concerning stages of litigation and protective orders over discovery are "functionally similar, and require similar balancing between public and private concerns." Pansy, 23 F.3d at 786.

> In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process.... [T]he court...must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. When the risk of harm to the owner of [a] trade secret or confidential information outweighs the need for discovery, disclosure [through discovery] cannot be compelled, but this is an infrequent result.
>
> Once the court determines that the discovery policies require that the materials be disclosed, the issue becomes whether they should "be disclosed only in a designated way," as authorized by the last clause of Rule 26(c)(7).... Whether this disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public. Courts also have a great deal of flexibility in crafting the contents of protective orders to minimize the negative consequences of disclosure and serve the public interest simultaneously.

Id. at 787 (additional citations omitted).

The balancing test requires courts to consider a variety of factors to determine if a protective order is appropriate. Id. at 789. These factors,

13

discussed below, "are unavoidably vague and are of course not exhaustive" so as to provide courts with "the flexibility needed to justly and properly" resolve discovery disputes. Id.

> One interest which should be recognized in the balancing process is an interest in privacy. It is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection. In this vein, a factor to consider is whether the information is being sought for a legitimate purpose or for an improper purpose. However, privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny.
>
> While preventing embarrassment may be a factor satisfying the "good cause" standard, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious. As embarrassment is usually thought of as a nonmonetizable harm to individuals, it may be especially difficult for a business enterprise, whose primary measure of well-being is presumably monetizable, to argue for a protective order on this ground.
>
> Circumstances weighing against confidentiality exist when confidentiality is being sought over information important to public health and safety and when the sharing of information among litigants would promote fairness and efficiency.
>
> A factor which a court should consider in conducting the good cause balancing test is whether a party benefitting from the order of confidentiality is a public entity or official. Similarly, the district court should consider whether the case involves issues important to the public.... [I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.

Id. at 787-88 (internal quotation marks, footnotes, and citations omitted).

When dealing with sensitive or proprietary information, courts routinely grant protective orders that limit who may access the disclosed information and how the disclosed information may be used. Id. at 787 (additional citation omitted). Rule 26(c) confers " 'broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.' " Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)). In this case, Joan, as the party seeking the protective order, has the burden "to show the necessity of its issuance." See General Dynamics Corp., 481 F.2d at 1212.

Although Joan could certainly have stated her position with greater clarity, the court finds that the nature of the financial documents requested shows that they are confidential and sensitive in nature. The real estate documents, to the extent that they appear in public records such as the Register of Deeds' files, are not confidential and do not warrant a protective order. Therefore, the court will grant a protective order as to the financial documents, including contracts with third parties, but not to any real estate document appearing in a public record.

The parties have discussed the possibility of a protection agreement in the past and have not been able to agree upon terms. Therefore, the court will impose its own terms.

**CONCLUSION**

It is hereby

ORDERED that defendant Joan Geibink shall provide any and all documents within her possession which are responsive to the second category of documents requested by plaintiffs within 10 days of this order. It is further

ORDERED that the following terms numbered 1 through 4 shall apply to all information, documents, and things produced by defendant Joan Geibink that are marked as "Confidential" by Joan Geibink, which shall encompass financial documents, contracts with third parties, and real estate documents not appearing in any public record.

1. Material marked, labeled or otherwise designated as "Confidential" by Joan Geibink may be offered into evidence at hearings on motions and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this action, but shall be subject to the terms of this order and to any further order regarding confidentiality that this court, or the district court, may enter.

2. Material marked, labeled or otherwise designated as "Confidential" shall be deemed and treated as confidential unless and until this court, or the district court, rules to the contrary. Confidential documents filed with the court must be requested by the filing

party to be filed under seal. Parties may not disseminate confidential documents beyond the receipt by plaintiffs, their counsel, and any employees of counsel or expert witnesses hired by plaintiffs or their counsel. Any employee of counsel or expert witness to whom confidential documents are disseminated must be made aware of the provisions of this protective order and must agree to abide by the terms of this protective order before dissemination of the confidential documents may be made to them.

3. Subject to the Federal Rules of Evidence, documents marked, labeled, or otherwise designated as "Confidential" may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice three (3) days prior to use at a hearing and in the final pretrial order for use at trial. Joan Geibink or any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential, and, if so, what protection, if any, may be afforded to such information at the trial.

4. If any material designated as "Confidential" by Joan Geibink is to be filed with the court in connection with any proceedings in this

action, such material shall be filed with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case, a general description of the contents of the envelope or container and the notation: "**Contains confidential information covered by protective order. To be opened only (1) by or as directed by the court or (2) by written agreement of the parties.**"

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(a). Failure to file timely objections will result in the waiver of the right to appeal matters not raised in the objections. Id. Objections must be timely and specific in order to require review by the district court.

Dated May 12, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE